## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**DENNIS G. DEPPE,**

    **Plaintiff,**

**v.**             **Case No: 6:23-cv-1484-WWB-EJK**

**SANDRA M. SOVINSKI and**
**SVETLANA S. SHTROM,**

    **Defendants.**

### ORDER

This cause comes before the Court on the following filings:

1. Plaintiff's Motion to Reconsider and Response and Affidavit in Opposition to Motion by Defendant, Svetlana S. Shtrom for Extension of Time to File and Serve Responsive Pleading to Plaintiff's Amended Complaint (Doc. 16), filed September 13, 2023.

2. Defendant, Sandra M. Sovinski's Motion for Enlargement of Time to File and Serve Responsive Pleading to Plaintiff's Amended Complaint (Doc. 17), filed September 14, 2023, and Plaintiff's Motion in Opposition to Motion by Defendant Sandra M. Sovinski's Motion for Extension of Time to File and Serve Responsive Pleading to Plaintiff's Amended Complaint (Doc. 18), filed September 18, 2023, which the Court construes as Plaintiff's Response in Opposition to Defendant Sovinski's Motion.

3.  Plaintiff's Motion for Entry of Default Against Defendant Sovinski (Doc. 27), filed October 6, 2023. On October 13, 2023, Defendant Sovinski filed her Response to the Motion. (Doc. 30.)

4.  Defendant Sovinski's Renewed Motion for Enlargement of Time to File and Serve Responsive Pleading to Plaintiff's Amended Complaint (Doc. 25), filed October 9, 2023; and

5.  Plaintiff's Motion to Strike Defendant Sovinski From Defendant Shtrom's 10/09/2023 Motion to Dismiss [Doc. 26], and Strike or Deny Defendant Sovinski's 10/09/2023 Renewed Motion for Enlargement of Time [Doc. 25], filed October 10, 2023. (Doc. 28.) On October 13, 2023, Defendant Sovinski filed her Response to the Motion. (Doc. 31.)

The Motions are ripe for review and the Court will now address each Motion in turn.

**A. <u>Plaintiff's Motion to Reconsider (Doc. 16)</u>**

In this Motion, Plaintiff requests that the Court reconsider its previous ruling (Doc. 15) granting Defendant Shtrom an extension until October 13, 2023, to respond to the Amended Complaint. (Doc. 16 at 7–8.) When evaluating a motion to reconsider, a court should proceed cautiously, realizing that "in the interests of finality and conservation of judicial resources, reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Lamar Advert. of Mobile, Inc, v. City of Lakeland*, 189 F.R.D. 480, 489 (M.D. Fla. 1999). Accordingly, "a motion to reconsider must demonstrate why the court should reconsider its decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."

*SEC v. Seahawk Deep Ocean Tech., Inc.*, 74 F. Supp. 2d 1188, 1192 (M.D. Fla. 1999) (internal citation and quotation omitted).

The undersigned has reviewed Plaintiff's Motion, and while Plaintiff might desire a faster response to the Amended Complaint, the undersigned finds no reason to reconsider the prior determination that Defendant Shtrom established good cause for an extension of time. "[D]istrict courts enjoy broad discretion in deciding how best to manage the cases before them," *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997), and the undersigned finds the previously requested extension to be reasonable. Therefore, the Motion will be denied.

### B. <u>Defendant Sovinski's Motion for Extension of Time (Doc. 17) and Plaintiff's Motion in Opposition (Doc. 18)</u>

In this Motion, Defendant Sovinski requests an extension of time until October 13, 2023, to respond to Plaintiff's Amended Complaint. (Doc. 17 at 4.) As mentioned above, this Court previously found Defendant Shtrom stated good cause for an extension until October 13, 2023. Both Defendants are represented by the same counsel. (*Id.* at 2.) Thus, the Court finds Defendant Sovinski has stated good cause for an extension until October 13, 2023, and the Defendants' Joint Motion to Dismiss (Doc. 26), filed October 9, 2023, is deemed timely filed. Therefore, Plaintiff's Motion in Opposition to Defendant Sovinski's Motion (Doc. 18) will be denied.

### C. <u>Plaintiff's Motion for Entry of Default Against Sovinski (Doc. 30)</u>

In this Motion, Plaintiff requests that a default judgment be entered against Defendant Sovinski. (Doc. 27 at 2.) Since the Court finds that Defendants' Joint

Motion to Dismiss (Doc. 26) was timely filed, a default judgment is improper. Furthermore, Defendant Sovinski's counsel has entered an appearance in the case, and Plaintiff's Motion does not comply with Local Rule 1.10(b). Therefore, the Motion will be denied.

### D. **Defendant Sovinski's Renewed Motion for Extension of Time (Doc. 25)**

Defendant Sovinski filed this renewed Motion for Extension of Time to respond to Plaintiff's Complaint in response to Plaintiff's Affidavit (Doc. 24), filed October 5, 2023, that reiterates that the Court had not yet ruled on Defendant Sovinski's Motion for Extension of Time (Doc. 17). (Doc. 25 at 11.) Since the Court finds Defendants' Joint Motion to Dismiss (Doc. 26) to be timely filed, the Motion is due to be denied as moot.

### E. **Plaintiff's Motion to Strike (Doc. 31)**

In this Motion, Plaintiff requests that the Court strike Defendants' Joint Motion to Dismiss (Doc. 26) and deny or strike Defendant Sovinski's Motion for Extension of Time. (Doc. 31 at 6.) This Motion will also be denied in light of the Court's finding that Defendants' Joint Motion to Dismiss (Doc. 26) was timely filed. Plaintiff is reminded that he has twenty-one days after being served to respond to Defendants' Joint Motion to Dismiss (Doc. 26), pursuant to Local Rule 3.01(c). Failure to do so may result in the undersigned recommending the district judge grant the motion as unopposed.

The Court understands that Plaintiff is proceeding *pro se*; however, the Court will take this opportunity to recommend the Civil Discovery Handbook for best practices in litigating in the Middle District of Florida.[1]  The Court expects the parties to meaningfully confer in good faith and to extend professional courtesies to opposing counsel before filing a motion. The short extensions of time requested by defense counsel, as set forth above, are an example of a professional courtesy that the Court would expect counsel not to oppose absent some form of prejudice. As the case moves forward, the parties are reminded that they "shall reasonably attempt to accommodate the schedules of opposing counsel, parties, and witnesses in scheduling discovery."[2]  If the parties cannot agree on scheduling, then the Court will impose, maintain, or extend deadlines as it deems appropriate.

Accordingly, it is hereby **ORDERED** as follows:

1. Plaintiff's Motion to Reconsider and Response and Affidavit in Opposition to Motion by Defendant, Svetlana S. Shtrom for Extension of Time to File and Serve Responsive Pleading to Plaintiff's Amended Complaint (Doc. 16) is **DENIED**.

---

[1]  https://www.flmd.uscourts.gov/civil-discovery-handbook
[2]  https://www.flmd.uscourts.gov/civil-discovery-handbook/chapter01/a-courtesy-and-cooperation-among-counsel

2. Defendant, Sandra M. Sovinski's Motion for Enlargement of Time to File and Serve Responsive Pleading to Plaintiff's Amended Complaint (Doc. 17) is **GRANTED**. The Court deems the Defendants' Joint Motion to Dismiss (Doc. 26) to be timely filed.

3. Plaintiff's Motion in Opposition to Motion by Defendant Sandra M. Sovinski's Motion for Extension of Time to File and Serve Responsive Pleading to Plaintiff's Amended Complaint (Doc. 18) is **DENIED**.

4. Plaintiff's Motion for Entry of Default Against Defendant Sovinski (Doc. 27) is **DENIED**.

5. Defendant Sovinski's Renewed Motion for Enlargement of Time to File and Serve Responsive Pleading to Plaintiff's Amended Complaint (Doc. 25) is **DENIED AS MOOT**.

6. Plaintiff's Motion to Strike Defendant Sovinski From Defendant Shtrom's 10/09/2023 Motion to Dismiss [Doc. 26], and Strike or Deny Defendant Sovinski's 10/09/2023 Renewed Motion for Enlargement of Time [Doc. 25] (Doc. 28) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on October 16, 2023.


_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE