## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**DENNIS G. DEPPE,**

       **Plaintiff,**

**v.**                                                                 **Case No: 6:23-cv-1484-JSS-EJK**

**SANDRA M. SOVINSKI and**
**SVETLANA S. SHTROM,**

       **Defendants.**

### ORDER

This cause comes before the Court on Plaintiff's Motion for Recusal/Disqualification of Judge Wendy Berger/Judge Embry Kidd (the "Motion"), filed October 24, 2023. (Doc. 36.) The Motion appears to request that the undersigned recuse himself because of "failures . . . to promptly address Motions that were filed onto the docket." (*Id.* at 16.) For the reasons stated herein, the Motion will be denied.

Under 28 U.S.C. § 144, a judge must recuse himself when a party "files a timely and sufficient affidavit that the judge . . . has a personal bias or prejudice either against him or in favor of any adverse party." However, to warrant recusal under this provision, "the moving party must allege facts that would convince a reasonable person that bias actually exists." *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000). Similarly, under 28 U.S.C. § 455(a), a judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." A judge "shall also disqualify himself . . . [w]here he has a personal bias or prejudice concerning a

party." *Id.* § 455(b)(1). The Court must determine "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988).

Plaintiff's Motion appears to be based on his dissatisfaction with some of the Court's rulings and the speed at which the Court has ruled on certain matters. (Doc. 36 at 16–18.) However, "[a] judge's rulings in the same or a related case may not serve as the basis for a recusal motion unless the movant demonstrates 'pervasive bias and prejudice.'" *Hicks-Washington v. Hous. Auth. of the City of Ft. Lauderdale*, No. 19-12094, 2020 U.S. App. LEXIS 4374, at *17–18 (11th Cir. Feb. 12, 2020) (quoting *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990) (holding that allegations of bias stemming from a mere disagreement with rulings . . . did not demonstrate pervasive bias and prejudice)). Plaintiff has not demonstrated bias or prejudice. The Middle District of Florida has one of the highest caseloads in the country, and the Court will address pending matters as expeditiously as possible.

Accordingly, the Motion is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on April 8, 2024.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE