UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DENNIS G. DEPPE,**

      **Plaintiff,**

v.                                                                             Case No: 6:23-cv-1484-JSS-EJK

**SANDRA M. SOVINSKI and**
**SVETLANA S. SHTROM,**

      **Defendants.**

## OMNIBUS ORDER

This cause comes before the Court on the following filings:

1. Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 37), filed October 30, 2023. On November 13, 2023, Defendants filed their Response in opposition to the Motion. (Doc. 48.)

2. Plaintiff's Motion to Disqualify Attorney Jeffrey Weiss (Doc. 41), filed November 5, 2023. On November 14, 2023, Defendants filed their Response in opposition to the Motion. (Doc. 49.)

3. Plaintiff's Motion for Court to Impose Sanctions to Defendants and Defendants' Counsel (Doc. 42), filed November 8, 2023. On November 13, 2023, Defendants filed their Response in opposition to the Motion. (Doc. 47.)

4. Plaintiff's Motion Under Rule 60(b) to Reconsider and Correct Omnibus Order (Doc. 32) That Lifts Defendant Sovinski from Entry of Default (Doc. 45), filed November 9, 2023.

The Motions are ripe for review and the Court will now address each Motion in turn.

### A. Plaintiff's Motion for Leave to Amend Complaint (Doc. 37)

In this Motion, Plaintiff requests leave to file a second amended complaint that: removes his sixth cause of action, which is civil conspiracy to commit perjury against both Defendants; removes any reference to Plaintiff seeking damages due to intentional infliction of emotional distress in counts one, three, and four through eight of the amended complaint; removes reference to a letter sent from Defendant Sovinski that is referenced in the allegations pertaining to Plaintiff's second cause of action; adds allegations supporting Plaintiff's contention that Defendants do not have qualified immunity; and corrects deficiencies related to Plaintiff's equitable tolling claims. (Doc. 37 at 2–3.) In their Response, Defendants assert that amendment would be futile because Plaintiff's proposed second amended complaint still fails to overcome Defendants' qualified immunity defense. (Doc. 48 at 8.)

Federal Rule of Civil Procedure 15 provides that leave to amend a pleading prior to trial should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). While the granting of leave to amend is not automatic, "unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988).

"A district court [however,] may deny a motion to amend on 'numerous grounds, such as undue delay, undue prejudice to the defendants, and futility of the amendment.'" *Kendall v. Thaxton Road LLC*, 443 F. App'x 388, 393 (11th Cir. 2011) (unpublished) (quoting *Maynard v. Bd. of Regents of the Div. of Univs. of the Fla. Dep't of Educ.*, 342 F.3d 1281, 1287 (11th Cir. 2003)). But "leave to amend should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Taylor v. Fla. State Fair Auth.*, 875 F. Supp. 812, 815 (M.D. Fla. 1995) (finding that denial on the basis of futility is improper where determination of a complex factual inquiry is required); *see also Westchester Surplus Lines Ins. Co. v. ATA Fishville FL, LLC*, No. 2:19-cv-297-FtM-38NPM, 2020 WL336246, at *1 (M.D. Fla. Jan. 21, 2020) (finding arguments opposing amendment were better suited for dispositive motions to permit both sides to fully develop and respond to arguments).

Since the Motion is timely under the Case Management and Scheduling Order's deadline to amend pleadings, the liberal Rule 15(a) amendment standard controls. (*See* Doc. 58.) The undersigned concludes that the merits of Defendants' qualified immunity defense, if any, should be addressed in a motion to dismiss, not a motion to amend the amended complaint. *See St. Charles Foods, Inc. v. Am.'s Favorite Chicken Co.*, 198 F.3d 815, 822–23 (11th Cir. 1999) ("When a district court denies the plaintiff leave to amend a complaint due to futility, the court is making the legal conclusion that the complaint, as amended, would necessarily fail."). Since a determination of qualified immunity in this case will require a complex factual analysis, the Court cannot say

that the proposed amendment is clearly insufficient or frivolous on its face. *See Taylor*, 875 F. Supp. at 815.

Furthermore, the case is still in its infancy, and the Motion was filed before the deadline to amend pleadings, so the Court finds an amendment at this stage would not cause undue delay or prejudice to Defendants. Accordingly, the Motion will be granted.

### B. Plaintiff's Motion to Disqualify Attorney Weiss (Doc. 41)

In this Motion, Plaintiff seeks to disqualify Defendants' counsel, Jeffrey Weiss, pursuant to Rule 4-3.7 of the Rules Regulating the Florida Bar, because Plaintiff generally asserts, without supporting argument, that Mr. Weiss is a key witness to the case based on the knowledge he gained during his prior representation of Defendant Sovinski in a related state court case where Plaintiff's company, sdPhotonics, was the named Plaintiff. (Doc. 41 at 9–10.) In their Response, Defendants assert they do not have any intention of calling Mr. Weiss as a witness on their behalf in this matter and they would like to continue in this matter with his representation. (Docs. 49-1 at ¶¶ 4–6, 49-2 at ¶¶ 4–6.)

Rule 4-3.7 of the Rules Regulating the Florida Bar states:

> (a) When Lawyer May Testify. A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness on behalf of the client unless: (1) the testimony relates to an uncontested issue; (2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony; (3) the testimony relates to the nature and value of legal services rendered in the case; or (4) disqualification of

> the lawyer would work substantial hardship on the client. (b) Other Members of Law Firm as Witnesses. A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by rule 4-1.7 or 4-1.9.

R. Regulating Fla. Bar 4-3.7. The party moving to disqualify counsel bears the burden of proving the grounds for disqualification. *In re BellSouth Corp.*, 334 F.3d 941, 961 (11th Cir. 2003). However, "motions for disqualification are viewed with skepticism because disqualification impinges on a party's right to employ a lawyer of choice, and such motions are often bought for tactical purposes." *Centennial Bank v. Servisfirst Bank Inc.*, No. 8:16-cv-88-T-36JSS, 2019 WL 13037214, at *1 (M.D. Fla. Sept. 19, 2019) (quoting *Coral Reef of Key Biscayne Devs., Inc. v. Lloyds Underwriters at London*, 911 So. 2d 155, 157 (Fla. Dist. Ct. App. 2005)).

Here, Rule 4-3.7 is not triggered solely because of the fact that Plaintiff may call Mr. Weiss as a witness. *See Shaw v. Broad & Cassel*, No. 11-23689-CIV, 2012 WL 3158050, at *5 (S.D. Fla. Feb. 1, 2012) ("The focus of the analysis under Rule 4-3.7 is on the prejudice to the client, not prejudice to the opposing side who may call the attorney as a witness.") First, both Defendants have disclaimed any intent to call their attorney as a witness. (Docs. 49-1 at ¶¶ 4–6, 49-2 at ¶¶4–6); *see Pharma Supply, Inc. v. Stein*, No. 14-80374-CIV, 2014 WL 4261011 at *5 (S.D. Fla. Aug. 28, 2014) (denying a motion to disqualify defense counsel because defendants "disclaimed any intent to call [their attorney] as a witness.") Further, Plaintiff has not alleged that Mr. Weiss's trial testimony will be sufficiently adverse to the factual assertions or account of events

offered on behalf of the Defendants to warrant recusal. *See JLIP, LLC v. Stratospheric Indus., Inc.*, No. 14-61798-CIV, 2016 WL 3944076, at *14 (S.D. Fla. Feb. 8, 2016) (denying a motion to disqualify where the client did not intend to call their attorney to testify on its behalf and where the moving party had "not met their burden of showing that [the attorney's] testimony would be adverse to Plaintiff."). As this early stage of the litigation, Plaintiff has not met his burden in proving grounds exist for Mr. Weiss's disqualification. Accordingly, the Motion will be denied.

### C. Plaintiff's Motion for Sanctions (Doc. 42)

In this Motion, Plaintiff requests that the Court sanction Defendants for failing to serve their Response in opposition to Plaintiff's Motion for Recusal/Disqualification of Judge Wendy Berger/Judge Embry Kidd (Doc. 40) on November 3, 2023, as indicated by the Certificate of Service included in the Motion. (Doc. 42 at 2–4.) In their Response, Defendants concede that their response (Doc. 40), was not served on November 3, 2023, as the certificate of service indicated, but claim that it was a secretarial error that was rectified on November 7, 2023, after Plaintiff reached out to inform opposing counsel that he never received Defendants' response (Doc. 40). (Doc. 47 at 3.) Nonetheless, Defendants argue that the Motion should be denied because, despite the error, Plaintiff still received their response (Doc. 40) before the deadline for filing it, and they requested that Plaintiff withdraw the Motion after explaining that the error was inadvertent and not part of some broader conspiracy, as Plaintiff suggests. (*Id.* at 4.) Defendants further argue that the Motion should be denied because Plaintiff did not wait 21 days after serving the Motion before filing it, as

- 6 -

required by Federal Rule of Civil Procedure 11(c)(2), that Plaintiff did not suffer any prejudice from the late service, and that they should be awarded attorneys' fees for having to prepare a Response to this Motion. (*Id.* at 6–7.) The Court agrees with Defendants that Plaintiff's Motion is improper because he did not wait 21 days after serving the Motion before filing it. Instead, Plaintiff filed the instant Motion, without previously serving a copy of the Motion on defense counsel, the day after he emailed counsel inquiring as to service of Defendants' Response to Plaintiff's Motion to Disqualify (Doc. 40). (Doc. 47 at 7.)

Therefore, the Motion will be denied. As for Defendants' request for attorneys' fees, the Court declines to exercise its discretionary authority to award fees under Rule 11. However, Plaintiff is cautioned that any additional filing of a Rule 11 sanctions motions without strictly following the Rule's requirements, including the 21-day safe harbor provision, may result in the award of attorney's fees to Defendants. Defendants are also warned that they must timely serve their filings on Plaintiff and may not certify that such filings were served on a certain date unless they were actually served on that date. Any further violations may also result in sanctions.

### D. Plaintiff's Motion for Court to Reconsider Omnibus Order (Doc. 45)

In this Motion, Plaintiff, pursuant to Rule 60(b), requests that the Court reconsider its prior Omnibus Order that granted Defendant Sovinski an extension of time to respond to Plaintiff's Amended Complaint (Doc. 32). (Doc. 45.) When evaluating a motion to reconsider, a court should proceed cautiously, realizing that "in the interests of finality and conservation of judicial resources, reconsideration of a

previous order is an extraordinary remedy to be employed sparingly." *Lamar Advert. Of Mobile, Inc., v. City of Lakeland*, 189 F.R.D. 480, 489 (M.D. Fla. 1999) Accordingly, "a motion to reconsider must demonstrate why the court should reconsider its decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *SEC v. Seahawk Deep Ocean Tech., Inc.,* 74 F. Supp. 2d 1188, 1192 (M.D. Fla. 1999) (internal citation and quotation omitted).

The undersigned has reviewed Plaintiff's Motion, and Plaintiff does not set forth a basis under Rule 60(b) for the Court to reconsider its prior Omnibus Order. Pursuant to Rule 12(a)(1)(A)(1), a defendant is required to serve a responsive pleading within 20 days after being served with the summons and complaint. Fed. R. Civ. P. 12(a)(1)(A)(1). Defendant Sovniski's responsive pleading was due on or before October 3, 2023. On September 14, 2023, before a responsive pleading was due, Defendant Sovinski requested an extension of time to file a responsive pleading. *See* (Doc. 17). Because her request was made before the original time frame expired and she demonstrated good cause, it was well within the authority of this Court to grant the requested for extension. *See* Fed. R. Civ. P. 6(b)(1)(A)-(B) (explaining the court may, for good cause, extend the time to file a responsive pleading if a request is made before the original time or its extension expires, or even after the time to respond has expired if the party failed to act because of excusable neglect). Therefore, the Motion will be denied.

Accordingly, it is hereby **ORDERED** as follows:

1. Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 37) is **GRANTED**. Plaintiff is **ORDERED** to file his proposed Second Amended Complaint (Doc. 37-1) as a separate docket entry **on or before July 5, 2024**. Any response will be due on or before **August 6, 2024**.

2. Plaintiff's Motion to Disqualify Attorney Jeffrey Weiss (Doc. 41) is **DENIED**.

3. Plaintiff's Motion for Court to Impose Sanctions to Defendants and Defendants' Counsel (Doc. 42) is **DENIED**.

4. Plaintiff's Motion Under Rule 60(b) to Reconsider and Correct Omnibus Order (Doc. 32) That Lifts Defendant Sovinski from Entry of Default (Doc. 45) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on June 20, 2024.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE