UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DENNIS G. DEPPE,

    Plaintiff,

v.                                                       Case No: 6:23-cv-1484-JSS-EJK

SANDRA M. SOVINSKI and
SVETLANA S. SHTROM,

    Defendants.
_____/

## ORDER

Plaintiff, proceeding pro se, objects to Magistrate Judge Embry Kidd's order, (Dkt. 104), granting Defendants' Motion for Protective Order and to Stay All Discovery Pending Resolution of This Motion and Defendants' Motion to Dismiss, (Motion to Stay, Dkt. 97). (Objection, Dkt. 107.) Upon consideration, Plaintiff's Objection is overruled.

## BACKGROUND

Plaintiff brings this action under 42 U.S.C. § 1983 against Defendants for violations of his First, Fifth, and Fourteenth Amendment rights, "tortious interference with Plaintiff's expectation of an economic advantage," "tortious interference with Plaintiff's employment expectancy," "damage to Plaintiff's property," and "damage to Plaintiff's professional reputation." (Dkt. 96 at 1.) Plaintiff alleges that the University of Central Florida Research Foundation, Inc., and his company,

sdPhotonics, LLC, were joint owners of three patents. (*Id.* ¶¶ 27–31.) Plaintiff claims that Defendants were aware of this joint ownership. (*Id.* ¶¶ 68, 71.) Plaintiff therefore asserts that Defendant Sovinski made a knowing misrepresentation to the United States Patent and Trademark Office (USPTO) when she filed a patent assignment stating that the University of Central Florida (UCF) was the "correct current owner" of one of the disputed patents in this case, and that Dr. Deppe "improperly designated his own company, sdPhotonics, LLC, as a co-applicant" in a pair of "provisional applications." (Dkt. 96 ¶ 74–96; Dkt. 96-12 at 4.)

Defendants maintain that shortly after filing his Second Amended Complaint, (Dkt. 96), Plaintiff began serving them with requests for production and notices of deposition, (Dkt. 97 at 4–6). Defendants accordingly moved to stay all pretrial discovery, (*id.* at 6), pending the court's disposition of their Joint Motion to Dismiss Plaintiff's Second Amended Complaint, (Motion to Dismiss, Dkt. 101). On August 7, 2024, Judge Kidd granted the Motion to Stay, finding that a "preliminary peek" at Defendants' Motion to Dismiss "reveal[ed] that Defendants have a sufficient likelihood of prevailing on their legal challenges to the Second Amended Complaint to justify a stay of discovery until the Motion to Dismiss is resolved." (Dkt. 104 at 2.)

**APPLICABLE STANDARDS**

Upon review of an order entered by a magistrate judge, the district judge "may accept, reject, or modify, in whole or in part, the findings" and "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C); *accord* Fed. R. Civ. P. 72(b)(3). With respect to non-dispositive

matters ruled on by a magistrate judge, the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *accord* 28 U.S.C. § 636(b)(1)(A); *see Jordan v. Comm'r, Miss. Dep't of Corr.*, 947 F.3d 1322, 1327 (11th Cir. 2020). "A finding of fact— whether adopted by the court from a magistrate judge's report and recommendation or made by the court independently—is clearly erroneous if the evidence, viewed in the light most favorable to the finding, does not support the finding." *Johnston v. Borders*, 36 F.4th 1254, 1282 (11th Cir. 2022) (citing *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988)); *see also Day v. Persels & Assocs., LLC*, 729 F.3d 1309, 1327 (11th Cir. 2013) ("[A] court commits a clear error when it makes a factual finding that has no support in the record."). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case[]law[,] or rules of procedure." *TemPay, Inc. v. Biltres Staffing of Tampa Bay, LLC*, 929 F. Supp. 2d 1255, 1260 (M.D. Fla. 2013) (internal quotation marks omitted) (quoting *S.E.C. v. Kramer,* 778 F.Supp.2d 1320, 1326–27 (M.D. Fla. 2011)).

## ANALYSIS

Plaintiff objects to Judge Kidd's order, asserting that Judge Kidd granted "the order to stay discovery based on [] Defendants' . . . qualified immunity" defense. (Dkt. 107 ¶¶ 11–12.) Plaintiff appears to claim that this was error but does not provide analysis explaining why it was erroneous. (*See id.* ¶¶ 10–14, 29–30.) Plaintiff contends that Defendants' "single argument for qualified immunity . . . is based solely on the

existence of their UCF employment titles," but Plaintiff does not provide any analysis demonstrating that this argument is flawed. (*Id.* ¶ 12.) This is not a proper objection. *See Watkins v. Session*, No. 19-60810-CIV-ALTMAN/Strauss, 2021 WL 663759, at *2 (S.D. Fla. Feb. 19, 2021) ("A general objection, or one that merely restates the arguments previously presented[,] is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.") (alteration in original) (quoting *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937–38 (E.D. Mich. 2004)).

Even if Plaintiff's Objection was proper, Judge Kidd's determination that Defendants' Motion to Dismiss has merit was not clearly erroneous or contrary to law. Plaintiff argues that Defendants' claim of qualified immunity lacks merit. (Dkt. 107 ¶¶ 10–14, 29–30.) "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Spencer v. Benison*, 5 F.4th 1222, 1230 (11th Cir. 2021) (internal quotation marks omitted) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). "To invoke the defense of qualified immunity, a government official must have been acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." *Id.* (internal quotation marks omitted). "[A] court must ask whether the act complained of, if done for a proper purpose, would be within, or reasonably related

to, <u>the outer perimeter</u> of an official's discretionary duties." *Mikko v. City of Atlanta*, 857 F.3d 1136, 1144 (11th Cir. 2017) (alteration added; emphasis in original) (quoting *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1282 (11th Cir. 1998)). After a government official establishes "that he was acting within the scope of his discretionary authority," the "burden shifts to the plaintiff" to show that the official's conduct (1) violated federal law (2) that was clearly established at the relevant time. *Id.* at 1143–44.

  Plaintiff alleges that both Defendants are employees of the State of Florida. (Dkt. 96 ¶¶ 24–25.) His sole basis for asserting that they do not enjoy qualified immunity is that Defendants' "actions filing the retroactive ownership documents with the USPTO violate their own UCF Regulations UCF-2.2029 and other agreements, and therefore their actions were outside the scope of their discretionary job duties." (*Id.* ¶ 198; *see id.* ¶¶ 233, 243, 260, 270.) The Supreme Court has held, however, that "[o]fficials sued for constitutional violations do not lose their qualified immunity merely because their conduct violates some statutory or administrative provision." *Davis v. Scherer*, 468 U.S. 183, 194 (1984); *see also id.* n.12 ("Neither federal not state officials lose their immunity by violating the clear command of a statute or regulation—of federal or of state law—unless that statute or regulation provides the basis for the cause of action sued upon."). Nor does Plaintiff claim that Defendants' violation of UCF-2.2029 "either is itself actionable under § 1983 or bears upon the claim of constitutional right that [he] asserts under § 1983." *Id.* at 193. Plaintiff fails to address this apparent shortcoming in his Objection. (*See* Dkt. 107.)

Judge Kidd found that Defendants "have a sufficient likelihood of prevailing on their legal challenges to the Second Amended Complaint to justify a stay of discovery until the Motion to Dismiss is resolved" and that Plaintiff "will suffer little prejudice from granting the stay, while Defendants may be forced to expend significant resources defending this case if the stay is denied." (Dkt. 104 at 2.)   Plaintiff has failed to demonstrate how Judge Kidd's order lacks evidentiary support, *Johnston*, 36 F.4th at 1282, or is contrary to the relevant statutes, caselaw, or rules of procedure, *see TemPay, Inc.*, 929 F. Supp. 2d at 1260.

Accordingly, Plaintiff's Objection (Dkt. 107) is **OVERRULED**.

**ORDERED** in Orlando, Florida, on August 21, 2024.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party